PER CURIAM:
Claimant brought this action for damages to his vehicle which occurred on January 3, 2001, when he was proceeding west on 1-70 through the Wheeling Tunnel and his vehicle struck a large piece of asphalt on the highway. Respondent is responsible for the maintenance of 1-70 in Ohio County where the claimant’s accident took place. The Court is of the opinion to deny this claim for the reasons set forth below.
Claimant described his accident as happening as he was driving with one of his field agents as a passenger and they were proceeding to the North Wheeling Fire Department. They were traveling west on 1-70 which is a four-lane interstate. Claimant was driving in the right lane and he was driving at about 45 miles per hour through the Wheeling Tunnel when he saw an object in the road in front of his vehicle, a 1998 Ford Taurus. He was unable to swerve or stop due to traffic beside him and behind him. There was a pickup truck in front of him which swerved and then drove over the object. When claimant’s vehicle went over the object, his vehicle immediately quit running. Claimant was able to drift his vehicle to the end of the tunnel and park at the side of the highway. This incident took place at approximately 3:00 p.m. Claimant believed that his vehicle struck a piece of concrete or asphalt. There was only debris left in the tunnel after the accident. As a result of this incident, claimant’s vehicle sustained damage to the transmission, the oil pan, and the gas tank. Claimant had insurance which covered the damages except for his deductible in the amount of $500.00 so claimant is limited to that amount if there is any recovery.
Terry Kuntz, respondent’s Supervisor for 1-70 in this area, testified that he received notice that there was debris in the Wheeling Tunnel at approximately 3:40 p.m. on the date of claimant’s accident so he sent a crew to clean up the area. The crew found pieces of asphalt which he opined had come from a hole in 1-70 just east of the westbound Wheeling Tunnel entrance. Apparently, a truck had hit the patch which came up out of the hole and then dragged the chunk of asphalt into the tunnel where claimant had his collision with it. Mr. Kuntz explained to the Court that there are video cameras in the tunnel, but there are blind spots for these cameras. The cameras assist respondent’s employees in viewing traffic in the tunnel for any problems and no tapes are available from the cameras. Mr. Kuntz also testified that it is common during wintertime for patching in holes to come out of a hole because of the freezing and thawing of the surface of the road.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of die safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road *102 defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). In the instant claim, the Court has determined that respondent did not have notice of the large piece of asphalt dragged into the Wheeling Tunnel by traffic; therefore, respondent was not negligent in its maintenance of 1-70 on the date of claimant’s accident. Since there was no negligence established on the part of the respondent in this claim, the claimant may not make a recovery.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.